UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Timothy M. Nash,** | ) | **CASE NO. 1:12-CV-0857** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Ronald Suster,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Timothy M. Nash filed this action under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against Cuyahoga County Court of Common Pleas Judge Ronald Suster. In the Complaint, Plaintiff alleges Defendant Suster deprived him of his constitutional rights during the course of criminal proceedings in the Cuyahoga County Court of Common Pleas. He seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). For the reasons set forth below, that Application is **denied** and this action is dismissed.

**BACKGROUND**

Plaintiff is currently a pre-trial detainee at the Cuyahoga County Jail. He is under indictment in two criminal cases pending before Defendant Suster in the Cuyahoga County Court of Common Pleas. *See* Cuyahoga County Ct. Cmn. Pl. Case Nos. CR-11-553521 and CR-11-

556979.[1]  Plaintiff alleges Defendant Suster "tampered with records" and "move[d] as an individual while in open court proceedings from November 2011 to present date and time, to abrogate [Plaintiff's] constitutional right to be defense counsel by denying me the right to appear and defend in person" in these two criminal matters. (Doc. 1 at 1). Plaintiff further alleges Defendant Suster refused to rule on motions filed by Plaintiff in those cases and falsified numerous journal entries. (Doc. 1 at 2-3).

Plaintiff filed the instant Complaint on April 10, 2012, seeking monetary relief. He filed an Application to Proceed *In Forma Pauperis* on the same date. On April 23, 2012, Plaintiff filed a document captioned as an "Amendment of Evidence." (Doc. 3). Therein, Plaintiff appears to object to evidence and jury instructions at issue in Cuyahoga County Common Pleas Case No. CR-11-553521.

**STANDARD OF REVIEW FOR 28 U.S.C. § 1915(g)**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the

---

[1]  Case No. CR-11-553521 involves charges of breaking and entering, grand theft, vandalism, and possessing criminal tools. Case No. CR-11-556979 involves charges of breaking and entering, theft, vandalism, disrupting public service, possessing criminal tools, and interference with electrical wires.

installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver,* 2011 WL 1105652 at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v.*

*Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

This Court has already found that Plaintiff herein has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). Specifically, in *Nash v. Kochavar*, Case No. 1:11CV329 (N.D. Ohio)(Gwin, J.), this Court noted that, while incarcerated, Plaintiff filed more than three previous actions which were dismissed as frivolous, including *Nash v. McFaul*, No. 1:11 CV 330 (N.D. Ohio April 1, 2011)(Polster, J.); *Nash v. Reid*, No. 1:11 CV 70 (N.D. Ohio Mar. 14, 2011)(Polster, J.); *Nash v. Reid*, No. 1:10 CV 2926, (N.D. Ohio Feb 1, 2011)(Boyko, J.); *Nash v. Cuyahoga County*, No. 1:10 CV 2386 (N.D. Ohio Dec. 20, 2010)(Oliver, J.); *Nash v. City of Cleveland*, No. 1:05 CV 1578 (Aug. 4, 2005)(Manos, J.); *Nash v. Cuyahoga County Metropolitan Housing Authority*, No. 1:98 CV 2145 (Nov. 2, 1998)(Nugent, J.).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. Upon careful review of the Complaint, the Court finds there are no allegations suggesting Plaintiff is in imminent danger of serious physical injury. While Plaintiff alleges his constitutional rights were deprived by Defendant Suster, he does not allege any ongoing deprivation of his constitutional rights that might subject him to a "real and proximate" threat of serious injury. There is simply no suggestion in the Complaint that Plaintiff faces imminent peril as a result of Defendant Suster's alleged actions. Accordingly, the Court finds the "imminent danger" exception to § 1915(g) does not apply in this case.

### **CONCLUSION**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is denied. This action is dismissed without prejudice. If it is re-filed, it must be accompanied by the full filing fee. The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/24/12

---

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."