**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Timothy M. Nash,** | ) | **CASE NO. 1:12-CV-0857** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Ronald Suster,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on *pro se* Plaintiff Timothy Nash's Motion for Preliminary Injunction (Doc. 7) and Request for Relief Pursuant to Fed. R. Civ. P. 60(b)[1] (Doc. 8). For the following reasons, Plaintiff's Motions are denied.

**<u>BACKGROUND</u>**

Plaintiff is currently a pre-trial detainee at the Cuyahoga County Jail and is under indictment in two criminal cases pending before Defendant Ronald Suster in the Cuyahoga County Court of Common Pleas.  *See* Cuyahoga County Ct. Com. Pl. Case Nos. CR-11-553521 and CR-11-556979.[2]

---

[1]  Plaintiff captioned this filing as "Relief for Civ. R. 60(b)." It was docketed as a "Notice Regarding Imminent Dangers." (Doc. 8).

[2]  Defendant Suster is a Cuyahoga County Court of Common Pleas Judge. The first of Plaintiff's criminal cases before Defendant Suster, Case No. CR-11-553521, involves charges of breaking and entering, grand theft, vandalism, and possessing criminal tools. It appears from the trial court docket that Plaintiff was found guilty of these charges by a jury on March 28, 2012. Plaintiff's other criminal case before Defendant Suster, Case No. CR-

Plaintiff filed a Complaint in this matter on April 10, 2012, alleging Defendant Suster deprived him of his constitutional rights during the course of these criminal proceedings. (Doc. 1). Specifically, Plaintiff claimed Defendant Suster "tampered with records" and "move[d] as an individual while in open court proceedings from November 2011 to present date and time, to abrogate [Plaintiff's] constitutional right to be defense counsel by denying me the right to appear and defend in person" in these two criminal matters. (Doc. 1 at 1). Plaintiff further alleged Defendant Suster refused to rule on motions filed by Plaintiff in those cases and falsified numerous journal entries. (Doc. 1 at 2-3).

Plaintiff filed an Application to Proceed *In Forma Pauperis* on the same date. (Doc. 2). Shortly thereafter, on April 23, 2012, Plaintiff filed a document captioned as an "Amendment of Evidence." (Doc. 3). Therein, Plaintiff appears to object to evidence and jury instructions at issue in Cuyahoga County Common Pleas Case No. CR-11-553521.

In a Memorandum of Opinion & Order dated May 24, 2012, this Court denied Plaintiff's *In Forma Pauperis* Application and dismissed the instant action without prejudice. (Doc. 4). The Court noted that, while incarcerated, Plaintiff had filed more than three previous actions which were dismissed as frivolous, including *Nash v. McFaul*, No. 1:11 CV 330 (N.D. Ohio April 1, 2011)(Polster, J.); *Nash v. Reid*, No. 1:11 CV 70 (N.D. Ohio Mar. 14, 2011)(Polster, J.); *Nash v. Reid*, No. 1:10 CV 2926, (N.D. Ohio Feb 1, 2011)(Boyko, J.); *Nash v. Cuyahoga County*, No. 1:10 CV 2386 (N.D. Ohio Dec. 20, 2010)(Oliver, J.); *Nash v. City of Cleveland*, No. 1:05 CV 1578 (Aug. 4, 2005)(Manos, J.); *Nash v. Cuyahoga County Metropolitan Housing Authority*, No. 1:98 CV 2145

---

11-556979, involves charges of breaking and entering, theft, vandalism, disrupting public service, possessing criminal tools, and interference with electrical wires. This matter appears to be currently pending before Defendant Suster.

-2-

(Nov. 2, 1998)(Nugent, J.).  (Doc. 4 at 4).

Thus, the Court held Plaintiff had accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g).  The Court further determined Plaintiff had not adequately pled he was under "imminent danger of serious physical injury" at the time his Complaint was filed. (Doc. 4 at 4).  Specifically, the Court noted that "[w]hile Plaintiff alleges his constitutional rights were deprived by Defendant Suster, he does not allege any ongoing deprivation of his constitutional rights that might subject him to a 'real and proximate' threat of serious injury." (Doc. 4 at 4).  Accordingly, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and dismissed the action without prejudice. The Court further noted that if the action were to be re-filed "it must be accompanied by the full filing fee."  (Doc. 4 at 4).

Plaintiff has filed several documents since this Court dismissed the instant action. On May 30, 2012, Plaintiff filed a document captioned as an "Amendment of Evidence." (Doc. 6).  Therein, Plaintiff alleged generally that Defendant Suster had "tampered with records" and illegally continued his criminal cases. He further asserted that "Cuyahoga County Sheriff's County Jail Medical Dept. Medical records . . . establish that plaintiff caught MRSA decease [sic] while under an illegal detention by the judge and two prosecutors holding illegal proceedings without me as defense counsel." (Doc. 6 at 1).

The following day, Plaintiff filed a Motion for Preliminary Injunction, claiming he is "being subjected to threat of irreparable physical and mental injury." (Doc. 7).  Specifically, Plaintiff asserts:

> The requirement for this Writ is met by the following: (1) the evidence that the judge and two prosecutors lied in court proceedings about [plaintiff] being in court and authorizing continuances attached to the original complaint bare witness of the success on the merits; (2) a continuation of illegal restraint has, is,

> and shall cause harm to reputation in business as one seeking to be a businessman, physical harm by decease [sic] leaving a scare and reminder that [plaintiff] is still subject to catching decease [sic] here at the facility while in custody; (3) no harm has or can come to anyone but me and my family; (4) the interest of the public when it comes to a health, welfare, and safety issue is well established.

(Doc. 7 at 1).

Plaintiff then filed, on June 6, 2012, a Request for Relief pursuant to Fed. R. Civ. P. 60(b), which was docketed as a "Notice Regarding Imminent Dangers." (Doc. 8). Therein, Plaintiff argues that Defendant Suster "lied in journal entries . . . by stating that defense counsel authorized continuance of trials at my request." (Doc. 8 at 1). He asserts he should have been released on December 4, 2011 and "therefore imminent danger existed at that particular time and date and happened January 13, 2012 by [plaintiff] catching MRSA decease [sic]." (Doc. 8 at 1). He states that, during a recent medical appointment, Dr. Thomas Fuller "stated that since my diagnosis of MRSA decease [sic] . . . he has recorded through diagnosis, sixteen (16) cases or more and was still counting." (Doc. 8 at 1). Plaintiff also asserts he has developed "small red bumps" on his arms that "may also be MRSA" and, further, that he is being denied medical treatment for gum disease. (Doc. 8 at 2). Finally, Plaintiff claims, without further elaboration, that he is "in danger from deceases [sic] and prisoners who claim to hate me without any recourse which may result in me having a nervous breakdown." (Doc. 8 at 2).

## ANALYSIS

### A. Request for Relief Pursuant to Fed. R. Civ. P. 60(b)

In his Request for Relief Pursuant to Fed. R. Civ. P. 60(b) (Doc. 8), Plaintiff argues the Court should reconsider its May 24, 2012 Opinion & Order dismissing the instant action under §1915(g) because Plaintiff is in imminent danger of serious physical harm. Federal Rule of Civil

Procedure 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). *See also Johnson v. Unknown Dellatifa,* 357 F.3d 539, 542 (6th Cir. 2004). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. *See e.g. Walker v. WBKO Television*, 2002 WL 123630 at \*\* 2 (6th Cir. Jan. 28, 2002) (citing *Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2nd Cir. 1966)). Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001).

While Plaintiff states he is seeking relief pursuant to Rule 60(b), he does not specify which of the six grounds enumerated in that Rule provides the basis for his request. As Plaintiff does not invoke any of the first five grounds, the Court will construe his filing under subsection (b)(6) which

permits a district court to grant a 60(b) motion for "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual or extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). *See also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). It is an extraordinary remedy by nature and the Court has "especially broad" discretion in considering a Motion under this subsection. *See Johnson*, 357 F.3d at 543; *Hopper*, 867 F.2d at 294.

In support of his Motion, Plaintiff reiterates allegations in his Complaint that Defendant Suster lied in journal entries and inappropriately authorized continuances of Plaintiff's criminal trials. The Court already considered these allegations and found them insufficient to allege Plaintiff is under "imminent danger of serious physical injury" pursuant to § 1915(g). A movant under Rule 60(b) fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations. *Johnson*, 357 F.3d at 543. Accordingly, the Court finds these allegations do not justify relief from the Court's decision that the imminent danger exception to § 1915(g) does not apply in the instant case.

Plaintiff also alleges he contracted MRSA[3] while in the Cuyahoga County Jail and has developed "small red bumps" on his arm that may signal another MRSA infection. He asserts there have been sixteen cases of MRSA in the County Jail in the last several months. Plaintiff also asserts he is being denied medical treatment for gum disease and, further, that he is in danger from other unidentified diseases and "prisoners who claim to hate me." (Doc. 8 at 2).

---

[3] Methicillin-resistant Staphylococcus aureus ("MRSA") is a type of staph bacteria that does not respond to some antibiotics that are commonly used to treat staph infections. *See* www.ncbi.nlm.nih.gov/pubmedhealth/PMH0004520/.

The Court finds these allegations are insufficient to warrant relief from this Court's May 24, 2012 Opinion dismissing the instant action. The only named defendant in this action is Judge Suster. As a Cuyahoga County Court of Common Pleas Judge, Defendant Suster has no personal control over or responsibility for the daily operations of the Cuyahoga County Jail. He is not liable for any alleged denial of medical treatment at the Jail nor is he legally responsible for conditions that may have allegedly resulted in cases of MRSA.

Moreover, Plaintiff's allegations that he is in imminent danger from MRSA and other unidentified diseases and inmates bear no relation to the claims alleged against Defendant Suster in the Complaint. As set forth *supra*, the Complaint alleges Defendant Suster tampered with records, refused to rule on Plaintiff's motions, and falsified journal entries in Plaintiff's underlying criminal cases. (Doc. 1). Plaintiff's allegations in his Request for Relief under Rule 60(b) relate to the alleged denial of medical treatment and conditions of confinement at the Cuyahoga County Jail. These allegations of imminent danger are entirely unrelated to the claims set forth in the Complaint.[4] While the three strike provision of § 1915(g) will not apply if a prisoner sufficiently alleges he or she is under "imminent danger of serious physical injury," courts have held that "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in the complaint." *See Pettus v. Morgenthau,* 554 F.3d 293, 297 (2nd Cir. 2009). *See also Pointer v. Marc,* 2011 WL 847012 at *2 (S. D. Ohio March 8, 2011)(holding that "[i]t is a requirement of the PLRA . . . that the alleged danger which might justify allowing the

---

[4] While Plaintiff does mention his previous MRSA infection in his May 30, 2012 Amendment of Evidence (Doc. 6) and Motion for Preliminary Injunction (Doc. 7), both of these documents were filed after the case was dismissed via this Court's May 24, 2012 Opinion & Order.

prisoner to proceed despite his three prior 'strikes' must be related to claims in the complaint"); *Daniel v. Lafler*, 2009 WL 2386064 at * 3 (E.D. Mich. July 28, 2009) (finding prisoner had not demonstrated he was in imminent danger where allegations were unrelated to underlying complaint). Because Plaintiff's allegations of imminent danger are unrelated to the claims asserted against Defendant Suster in the Complaint, the Court finds these allegations are insufficient to satisfy the imminent danger exception to § 1915(g).

In light of the above, the Court finds Plaintiff has not set forth any grounds to justify granting the extraordinary relief available under Rule 60(b). Accordingly, Plaintiff's Request for Relief Pursuant to Fed. R. Civ. P. 60(b) (Doc 8) is denied.

### B. Motion for Preliminary Injunction

As this action has been dismissed pursuant to § 1915(g) and the Court has denied Plaintiff's Request for Relief pursuant to Fed. R. Civ. P. 60(b), *supra*, Plaintiff's Motion for Preliminary Injunction (Doc. 7) is denied as moot.

### CONCLUSION

Plaintiff's Motion for Preliminary Injunction (Doc. 7) and Request for Relief Pursuant to Fed. R. Civ. P. 60(b) (Doc. 8) are denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 6/25/12